UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS HARRIS,

    Petitioner,

v.                                                      Case No. 09-C-0019

WILLIAM POLLARD, Warden,

    Respondent.

---

**DECISION AND ORDER ON MOTION TO DISMISS FOR UNTIMELINESS OF HABEAS CORPUS PETITION**

---

## I. BACKGROUND

On November 24, 2008, the petitioner, Thomas Harris ("Harris"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] According to his petition and the other submissions on file, on February 21, 2001, a judgment of conviction was entered in the Milwaukee County Circuit Court against Harris for one count of first-degree reckless homicide and one count of first-degree reckless injury—both by use of a dangerous weapon—in violation of Wis. Stats. §§ 940.02(1), 940.23(1)(a), and 939.63. Harris entered pleas of no contest to the two charges, after they were amended from two counts of first-degree intentional homicide. On Count One Harris was sentenced to serve twenty-five years of incarceration followed by ten years of extended supervision. On Count

---

[1] According to Harris, he first filed his federal habeas petition with United States District Judge Lynn Adelman. Judge Adelman sent the petition to the Clerk of Court for the Eastern District of Wisconsin, where it was file-stamped on January 5, 2009. Indeed, in his reply brief the respondent states that he agrees that Harris's federal habeas petition should be considered filed on November 24, 2008 "under the prison mailbox rule." (Resp't's Reply Br. at 1 n.1.)

Two he was sentenced to serve ten years of incarceration followed by five years of extended supervision. The circuit court ordered that the sentences were to be served consecutively.

On November 26, 2001, Harris filed a motion to modify his sentence. The circuit court summarily denied the motion on November 27, 2001. On May 6, 2003, the Wisconsin Court of Appeals summarily affirmed the judgment of conviction and the circuit court's order denying Harris's motion to modify his sentence. On August 13, 2003, the Wisconsin Supreme Court denied his petition for review. Harris did not file a petition for a writ of certiorari in the United States Supreme Court.

On October 14, 2004, Harris filed a motion for postconviction relief in the circuit court, pursuant to Wis. Stat. § 974.06, claiming ineffective assistance of counsel for failing to challenge the trial court's orders denying Harris's pretrial motions for the appointment of successor trial counsel, and for presentence plea withdrawal. His motion was denied by the circuit court on October 19, 2004. On March 13, 2007, the Wisconsin Court of Appeals affirmed the circuit court's order.

On May 11, 2007, following the court of appeals' invitation, Harris filed in the court of appeals a state habeas corpus petition, in accordance with *State v. Knight*, 168 Wis. 2d 509, 484 N.W.2d 540 (1992), challenging the constitutional effectiveness of his previous appellate counsel.[2] On June 10, 2008, the court of appeals denied his petition for a writ of habeas corpus. On November 17, 2008, the Wisconsin Supreme Court denied his petition for review. As stated previously, Harris filed his federal habeas corpus petition on November 24, 2008.

Harris's federal habeas corpus petition was randomly assigned to United States District Judge Rudolph T. Randa. Upon Rule 4 review, Judge Randa issued an order on February 10, 2009, in

---

[2] Harris's petition was file-stamped by the clerk of court on May 16, 2007. But, under the prisoner mailbox rule, it was considered filed on May 11, 2007, when he placed it in the correctional institution's mailbox.

2

which he directed the respondent to "answer the allegations in Harris's petition on or before March 13, 2008." On February 25, 2009, upon the parties' consenting to magistrate judge jurisdiction, Judge Randa assigned the case to this court for further processing and entry of final judgment.

On March 13, 2009, the respondent filed a motion for a two-week extension of time to file an answer to the petition, which motion was granted by this court on March 23, 2009.

On March 27, 2009, the respondent filed a motion to dismiss Harris's federal habeas corpus petition for untimeliness. In accordance with the briefing schedule issued by this court with respect to the respondent's motion, the petitioner thereafter filed his response brief and the respondent filed his reply brief. Thus, the respondent's motion to dismiss is now fully briefed and is ready for resolution. For the reasons that follow, the respondent's motion to dismiss for untimeliness of Harris's federal habeas corpus petition will be granted.

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The respondent argues, and Harris does not dispute, that the relevant starting event for the one-year habeas filing period in this case is found in § 2244(d)(1)(A), to wit, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" That said, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." It is over the application of this particular provision to the facts of the case that the parties' dispute finds its heart.

Harris's state court judgment of conviction was affirmed on direct appeal by the Wisconsin Court of Appeals on May 6, 2003, and the Wisconsin Supreme Court denied his petition for review on August 13, 2003. The respondent argues, therefore, that Harris's judgment of conviction became "final," within the meaning of 28 U.S.C. § 2244(d)(1)(A), on November 11, 2003, when the time for him to file a certiorari petition in the United States Supreme Court expired without his filing such a petition. The petitioner states in his brief that he agrees with this assertion. It is at this point, however, that the parties part ways.

The respondent argues that

> [s]ince Harris's state court conviction became "final" on November 11, 2003, he had a period of one year thereafter in which to file his federal habeas petition. That one-year period ran - un-tolled - for 338 days until November 14, 2004,[3] when he filed his § 974.06 motion in Milwaukee County Circuit Court. The one-year period was tolled from November 14, 2004, to April 12, 2007, when, after the Wisconsin Court of Appeals affirmed the denial of the § 974.06 motion, state court consideration of the motion ended with the expiration of the time for Harris to seek further review in the Wisconsin Supreme Court. The one-year period began to run anew at that time. It expired twenty-seven days later, on May 9, 2007, at which time a total of 365 days of untolled time had expired.
>
> And thus, when Harris filed a petition for a state court writ of habeas corpus in the Wisconsin Court of Appeals on May 16, 2007, the one-year federal habeas filing period had already expired. The state habeas petition was pending in the Wisconsin courts until November 17, 2008 - when the Wisconsin Supreme Court denied Harris's petition for review of the court of appeals' order denying the habeas petition, but the pendency of the petition in the state courts could not and did not toll the running of the time period under § 2244(d)(2). *See Graham v. Borgen*, 483 F.3d 475, 482 (7th Cir. 2007); *Johnson v. McCaughtry*, 265 F.3d 559, 564-65 (7th Cir. 2001). An expired time period can't be tolled.
>
> Since the one-period for Harris's filing of his federal habeas petition expired on May 9, 2007, the petition he filed in this court on January 5, 2008, was long out of time under the one-year habeas filing limit mandated by § 2244(d).

(Resp't's Br. at 5-6.)

Harris argues that the clock never stared running again after the Wisconsin Court of Appeals issued its March 13, 2007 decision affirming the circuit court's denial of his § 974.06 motion. This is, according to Harris, because the court of appeals stated the following in its decision:

> We affirm the trial court's postconviction and related reconsideration orders on the procedural basis that they were misfiled as a postconviction motion pursuant to WIS. STAT. § 974.06; we have not reviewed the denial of Harris's motions for the appointment of successor trial counsel or presentence plea withdrawal on their respective merits. Consequently, Harris may petition this court for a writ of habeas

---

[3] This appears to be a mistake by the respondent. The record demonstrates that Harris filed his § 974.06 motion on October 14, 2004, not on November 14, 2004. But, no matter. It was, indeed, 338 days from November 11, 2003 until October 14, 2004 (February having twenty-nine days because 2004 was a leap year). So the respondent correctly calculated the number of days that ran un-tolled until Harris filed his § 974.06 motion.

5

> corpus pursuant to *Knight* to challenge appellate counsel's effectiveness for failing to pursue these potential issues on direct appeal.

*State v. Harris*, No. 2004AP3293, 2007 WL 755174, at ¶ 8 (Wis. Ct. App. Mar. 13, 2007) (unpublished). And, even more importantly in Harris's view, the court of appeals stated the following in footnote 4 of its decision:

> If Harris is interested in pursuing these issues in a *Knight* petition filed directly with this court (and providing the Attorney General with a copy of his petition and any supporting documentation), we encourage him to do so promptly. He requests sixty days to file a *Knight* petition if we decide one is necessary. We do not establish a deadline for such a filing, but indicate that a petition filed within sixty days would be deemed timely, and that the timeliness of a petition filed more than sixty days from the date of this opinion should be considered in reference to the date of this opinion in which we notify Harris that a *Knight* petition is the appropriate method to challenge these two issues as ineffective assistance of appellate counsel claims.

*Id.* at ¶ 8 n.4. Harris argues that, although the clerk of court for the court of appeals stamped his petition as being filed on May 16, 2007, he actually filed his *Knight* petition on May 11, 2007, because it was placed in the correctional institution's mailbox on May 11, 2007. Thus, it was filed within sixty days of March 13, 2007, and was thereby filed in a fashion that was considered timely by the Wisconsin Court of Appeals. He then argues that, because his *Knight* petition was filed in timely fashion, the one-year limitation period was tolled until November 17, 2008, when the Wisconsin Supreme Court denied his petition for review. And because there were still twenty-seven days remaining before the one-year limitation period expired (365 - 338 = 27), his federal habeas petition was filed in timely fashion because it was filed on November 24, 2008, on which date Harris placed it in the correctional institution's internal mail system.

Given the foregoing, the critical issue to resolve is whether the one-year limitation period was tolled during the sixty-day period of time during which the court of appeals advised Harris it would consider his *Knight* petition timely filed. If so, then Harris's federal habeas petition was filed in

6

timely fashion. If not, then his federal habeas petition was filed in untimely fashion. This is because he would have had only twenty-seven days from April 12, 2007 (which date was the expiration of the time for Harris to seek further review in the Wisconsin Supreme Court) by which to file his federal habeas petition. Twenty-seven days from April 12, 2007 was May 9, 2007. Harris's federal habeas petition was not filed until November 24, 2008.

To be sure, the Wisconsin Court of Appeals stated to Harris that it would consider a *Knight* habeas petition to be filed timely if Harris filed such petition no later than sixty days after the issuance of that court's March 13, 2007 decision. And, indeed, Harris filed his *Knight* petition on May 11, 2007, which was less than sixty days after March 13, 2007.

That he may have filed his *Knight* petition in a fashion that was considered timely by the Wisconsin Court of Appeals, however, does not save his federal habeas petition. This is because it is only "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is **pending** [that] shall not be counted toward any period of limitation" under 28 U.S.C. § 2244(d)(1). *See* 28 U.S.C. § 2244(d)(2) (emphasis added). Simply stated, Harris's *Knight* petition was an entirely new, distinct, and separate application for collateral review and was not pending before the Wisconsin Court of Appeals until it was filed on May 11, 2007. By the time May 11, 2007 rolled around, the twenty-seven days that yet remained before the expiration of the § 2244(d) one-year limitation period had already come and gone. More precisely, the one-year limitation for filing his federal habeas petition expired on May 9, 2007. Such being the case, Harris's federal habeas petition must be dismissed as untimely.

This court's decision may seem to be a bit harsh. After all, under this court's analysis, Harris only missed the one-year filing deadline by two days. But, the Seventh Circuit has made clear that the provisions of 28 U.S.C. § 2244(d) are to be applied strictly. Indeed, the Seventh Circuit recently

7

stated that, although "[e]quitable tolling[4] may apply to cases on collateral review, [it may only be applied] when it does not conflict with the strictures of 28 U.S.C. § 2244(d)." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). In *Tucker*, the petitioner filed his petition a mere twenty-six days late. *Id.* Yet, the court affirmed the district court's dismissal of Tucker's petition for untimeliness. *Id.* at 735; *see also Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir. 2002) (petition that was nineteen days late dismissed for untimeliness); *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) (petition that was one day late dismissed for untimeliness.).

In conclusion, Harris's federal habeas corpus petition was filed in untimely fashion under the provisions of 28 U.S.C. § 2244(d). Thus, his petition will be dismissed.

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

In discussing the circumstances under which a certificate of appealability should issue, the Seventh Circuit has stated:

> To recap the statutory requirements: (1) A certificate of appealability may be issued only if the prisoner has at least one substantial constitutional question for appeal. 28 U.S.C. § 2253(c)(2). (2) The certificate must identify each substantial constitutional question. 28 U.S.C. § 2253(c)(3); *Beyer v. Litscher*, 306 F.3d 504 (7th Cir. 2002). (3) If there is a substantial constitutional issue, *and* an antecedent non-constitutional issue independently is substantial, then the certificate may include that issue as well. (4) Any substantial non-constitutional issue must be identified

---

[4] In any event, Harris has not invoked the doctrine of equitable tolling in this case.

specifically in the certificate. 28 U.S.C. § 2253(c)(3). (5) If success on a non-constitutional issue is essential (compliance with the statute of limitations is a good example), and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal. *See Anderson v. Litscher*, 281 F.3d 672 (7th Cir. 2002).

*Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003) (internal citations omitted).

Because Harris's petition is being dismissed on grounds of untimeliness and because, in my view, there is no substantial argument that this court erred in resolving the untimeliness question, no certificate of appealability will be issued in this case. Of course, Harris retains the right to seek a certificate of appealability from the court of appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Harris's petition for a writ of habeas corpus be and hereby is **DISMISSED** for untimeliness;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**SO ORDERED** this 4th day of December, 2009 at Milwaukee, Wisconsin.

                                             **BY THE COURT:**

                                             s/ William E. Callahan, Jr.
                                             WILLIAM E. CALLAHAN, JR.
                                             United States Magistrate Judge